# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LEARNING RESOURCES, INC., and HAND2MIND, INC., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants-Appellants. | No. 25-5202 |

## MOTION TO GOVERN AND RESPONSE TO PLAINTIFFS' MOTION TO GOVERN

Pursuant to this Court's June 11 order directing the parties to "file motions to govern future proceedings within 14 days of the United States Court of Appeals for the Federal Circuit's resolution of stay proceedings in *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, et al.," the government respectfully submits this motion to govern and response to plaintiffs' motion to govern. In the government's view, this appeal warrants expedition on the schedule agreed to by the parties in plaintiffs' initial motion for expedition, or on a similar expedited schedule set by the Court.

1. Plaintiffs challenged tariffs imposed by the President under the International Emergency Economic Powers Act (IEEPA). The government

moved to transfer the case to the Court of International Trade, which has held that it has exclusive jurisdiction over such suits. *See* 28 U.S.C. § 1581(i); *V.O.S. Selections, Inc. v. United States*, 2025 WL 1514124, at *7-8 (Ct. Int'l Trade May 28, 2025). Plaintiffs opposed transfer and moved for a preliminary injunction.

In *V.O.S. Selections* and a related case, the Court of International Trade enjoined the enforcement of the tariffs challenged here. The government sought a stay pending appeal in the Federal Circuit. Shortly after that filing, the district court here held that it, not the Court of International Trade, had jurisdiction over plaintiffs' suit, and entered a preliminary injunction. Dkt. No. 37. The government appealed and sought a stay pending appeal from this Court. Before this Court ruled on a stay pending appeal, the district court granted such a stay, Dkt. No. 42, and the government withdrew its stay motion before this Court.

Plaintiffs then filed an unopposed motion to expedite the appeal. Mot. to Expedite (June 5, 2025). That motion included a schedule the parties had agreed upon under which the government's opening brief would be due June 27; plaintiffs' response brief would be due July 23; and the government's reply would be due August 8. *Id.* at 4.

Plaintiffs subsequently asked this Court to delay ruling on their motion for expedition while the Federal Circuit resolved the government's stay motion in *V.O.S. Selections*—which, as noted above, had been filed before plaintiffs moved to expedite this appeal. Mot. to Defer Ruling (June 9, 2025). On June 11, this Court directed the parties to file motions to govern future proceedings after "the Federal Circuit's resolution of stay proceedings in *V.O.S. Selections*." Order (June 11, 2025).

On June 10, the en banc Federal Circuit granted a stay pending appeal in *V.O.S. Selections* and set oral argument on July 31. Order, *V.O.S. Selections*, No. 25-1812 (Fed. Cir. June 10, 2025). The Federal Circuit instructed the parties to propose an expedited briefing schedule in advance of that argument date. The parties proposed—and the Federal Circuit has now adopted—a briefing schedule under which the government's opening brief is due June 24; plaintiffs' response briefs are due July 8; and the government's reply is due July 18. Order, *V.O.S. Selections*, No. 25-1812 (Fed. Cir. June 13, 2025).

2. Plaintiffs here have urged the Court to adopt the same briefing schedule as the Federal Circuit in *V.O.S. Selections*, and further request oral argument "no later than August 1, 2025." Mot. to Govern at 2.

The government agrees—as it has from the start—that expedition of this appeal is warranted. The parties already proposed an agreed-upon schedule in plaintiffs' initial motion to expedite that balanced the parties' need for expedited resolution (including any harms to the parties from delay) and resource constraints.[1] The government continues to believe that that schedule, or a similar schedule adopted by the Court, would be appropriate for expeditious resolution of this appeal.

Plaintiffs urge that the previously agreed-upon schedule should be abandoned, and this case pegged to the Federal Circuit proceedings, because "the Supreme Court would risk not having a proper vehicle to resolve the merits of the exceptionally important and urgent issues presented" if the cases were not decided on the same timeline. Mot. to Govern at 4. Even assuming Supreme Court review is likely, there is little basis to believe that the relatively modest differences between the previously agreed-upon briefing schedule here and the schedule adopted by the Federal Circuit will materially alter how quickly each case is resolved. And in any event, other tools

---

[1] In particular, as plaintiffs are aware, multiple government counsel are out of the office for all or part of the week of July 21.

remain available if the Supreme Court concludes that it needs two cases before it because one faces a jurisdictional issue, including a writ of certiorari before judgment.

3. The government therefore respectfully urges that the Court adopt the previously agreed-upon briefing schedule reflected in plaintiffs' original motion to expedite, or a similar schedule set by the Court.

Respectfully submitted,

MICHAEL S. RAAB
BRAD HINSHELWOOD

/s/ *Daniel Winik*
DANIEL WINIK
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 305-8849

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font. It complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 792 words, according to Microsoft Word.

                                        */s/ Daniel Winik*
                                        Daniel Winik