IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LEARNING RESOURCE, INC., and HAND2MIND, INC., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants-Appellants. | No. 25-5202 |

**MOTION TO HOLD PROCEEDINGS IN ABEYANCE**

The government respectfully requests that this Court hold this case in abeyance, and remove the scheduled oral argument from the calendar, pending the Supreme Court's disposition of the government's petition for a writ of certiorari in *Trump v. V.O.S. Selections, Inc.*, No. 25-250, and the plaintiffs' related petition for a writ of certiorari before judgment in this case, No. 24-1287. Plaintiffs have asked that we state their position as follows: "Plaintiffs-Appellees oppose the abeyance request as premature and intend to file a response."

1. This case presents a challenge to the President's authority under the International Emergency Economic Powers Act (IEEPA), Pub. L. No. 95-223, Tit. II, 91 Stat. 1626, to impose tariffs to address certain national emergencies. In this case, the district court concluded that it had jurisdiction, notwithstanding the Court of International Trade (CIT)'s exclusive jurisdiction over tariff matters, 28 U.S.C. § 1581(i)(1)(B), (D), because IEEPA is not a law providing for tariffs. The district court then held the challenged tariffs invalid and preliminarily enjoined their enforcement. After the government filed this appeal, and the district court stayed its preliminary injunction, plaintiffs petitioned for a writ of certiorari before judgment, *see* Pet., *Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S. filed June 17, 2025).

2. The same tariffs challenged here were also challenged on the same grounds in a suit in the CIT, which held that it had exclusive jurisdiction over challenges to the IEEPA tariffs and that the tariffs exceeded the President's authority and enjoined their enforcement. The en banc Federal Circuit stayed that injunction. *V.O.S. Selections, Inc. v. Trump*, 2025 WL 1649290 (Fed. Cir. June 10, 2025). After briefing and argument, the en banc Federal Circuit unanimously affirmed the CIT's determination that it had jurisdiction. *See V.O.S. Selections, Inc. v. Trump*, 2025 WL 2490634, at *8-9

(Fed. Cir. Aug. 29, 2025) (per curiam); *id.* at *24 (Taranto, J., dissenting) ("agree[ing] with the majority's decision on jurisdiction"). The Federal Circuit majority then affirmed the CIT's ruling on the merits, *id.* at *10-17, while remanding for further consideration of the remedy, *id.* at *17-18. The court stayed its mandate pending Supreme Court review, *V.O.S. Selections, Inc. v. Trump*, 2025 WL 2493525 (Fed. Cir. Aug. 29, 2025), with the consequence that the stay pending appeal remains in effect.

3. Yesterday, the government filed a petition for a writ of certiorari in the Federal Circuit case, along with a motion to expedite the certiorari-stage and merits proceedings in the Supreme Court. *Trump v. V.O.S. Selections, Inc.*, No. 25-250 (U.S. filed Sept. 3, 2025). The plaintiffs in the Federal Circuit case have indicated that they will not oppose the government's request for Supreme Court review and have agreed to a schedule for expedited consideration. Under that schedule, certiorari-stage proceedings would be complete by September 10, briefing on the merits would be complete by the end of October, and the Supreme Court would hold oral argument in the first week of November. In response, the plaintiffs in this case have asked the Supreme Court to consider their petition for a writ of certiorari before judgment along with the government's petition; the government does not

oppose that request for expedition, although it continues to oppose the petition for a writ of certiorari before judgment.

4. In light of the rapid schedule for forthcoming proceedings in the Supreme Court, the Federal Circuit's unanimous ruling on jurisdiction, and plaintiffs' own efforts to bypass this Court, it would be a waste of judicial resources for this Court to hear and decide this case before the Supreme Court has resolved the proceedings before it. The merits of plaintiffs' claims overlap entirely with those before the Supreme Court in *V.O.S. Selections*. Although the implication of plaintiffs' arguments here would be that the CIT (and the Federal Circuit) lacked jurisdiction in that case, the Federal Circuit unanimously rejected those arguments. *V.O.S. Selections*, 2025 WL 2490634, at *8-9; *id.* at *24 (Taranto, J., dissenting). That is relevant both because it makes clear there is no serious doubt about the Supreme Court's ability to reach the merits in *V.O.S. Selections* and because, as our briefs explain, this Court's precedent calls for deference to the CIT's (and the Federal Circuit's) determination of the CIT's exclusive jurisdiction. *See, e.g.*, *Miami Free Zone Corp. v. Foreign Trade Zones Bd.*, 22 F.3d 1110, 1113 (D.C. Cir. 1994). It would be inefficient for this Court to hold further proceedings in a case where (1) determining that this Court has jurisdiction would require it to split with

the Federal Circuit, in the face of precedent calling for deference to the Federal Circuit; (2) even if this Court believed it had jurisdiction, it would be addressing a merits issue already before the Supreme Court; and (3) plaintiffs themselves have sought at every turn to avoid a decision in this Court and proceed straight to the Supreme Court.

5. Moreover, abeyance would not prejudice plaintiffs' interests. If the Supreme Court affirms the Federal Circuit's ruling, that decision would be controlling precedent here. And if the Supreme Court disagrees with the Federal Circuit's view of the merits, plaintiffs could not prevail in this Court in any event.

6. For all those reasons, abeyance is warranted.

Respectfully submitted,

*/s/ Brett A. Shumate*
BRETT A. SHUMATE
  *Assistant Attorney General*

MARK FREEMAN
MICHAEL S. RAAB
BRAD HINSHELWOOD
DANIEL WINIK
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7264*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*

*Washington, DC 20530*
*sophia.shams@usdoj.gov*
*(202) 514-2495*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 865 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Book Antiqua, a proportionally spaced typeface.

/s/ *Brett A. Shumate*
BRETT A. SHUMATE